IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUARTUS LAMAR PRATT,           : | |
|     Plaintiff           : | |
|                      : | |
|     v.           : | CIVIL NO. 1:11-CV-1337 |
|                      : | |
| UNITED STATES OF AMERICA,   : | |
|     Defendant       : | |

*M E M O R A N D U M*

I. *Introduction*

The pro se plaintiff, Quartus Lamar Pratt, an inmate at USP-Lewisburg in Lewisburg, Pennsylvania, filed this action against the United States under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that the government is liable for the injuries he suffered when he was assaulted by another inmate. The United States has filed a motion to dismiss under Fed. R. Civ. P. 12(b), contending that the discretionary function exception bars the claim and that the claim lacks merit in any event.

We agree with the first argument, and since the discretionary function exception is a question of subject-matter jurisdiction, we need not address the merits.

II. *Background*

Plaintiff alleges as follows. On October 13, 2010, he was attacked by another inmate "while [he] was in handcuffs waiting to go to recreation." (Doc. 1, Compl. ¶ 6). The other inmate was "mentally ill." (*Id.* ¶ 5). Plaintiff had asked to be moved from

the cell before the assault "but there is no way to prevent inmates from being assaulted inside the cell in hand restraints." (*Id.* ¶ 6). Plaintiff explains that "[w]hen an inmate is brought into a cell occupied by another inmate, both inmates are placed in handcuffs. One inmate at a time has to be released from his hand restraints before the other inmate is released from their hand restraints. In many incidents, inmates have been hurt by other inmates in this situation." (*Id.* ¶ 7). As a result of the assault, Plaintiff had lacerations, bruises and bleeding near the right side of his face near his eye. (*Id.* ¶ 8). He seeks damages and a declaration that his rights under the Constitution and federal law were violated.

III.  *Discussion*

As a sovereign, the United States is immune from suit. *S.R.P. v. United States*, 676 F.3d 329, 332 (3d Cir. 2012). However, the FTCA waives the government's immunity "for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)). In relevant part, the FTCA sets forth a discretionary function exception to the waiver of sovereign immunity. Under that exception, the government remains immune from suit for "any claim:"

> based upon the exercise or performance or the failure to
> exercise or perform a discretionary function or duty on the

>part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

In applying the discretionary function exception, the court first identifies at the threshold "the conduct at issue," *S.R.P.*, 676 F.3d at 332, the conduct leading to the injury. The court must then conduct a two-step inquiry. First, it "must determine whether the act giving rise to the alleged injury and thus the suit involved an element of judgment or choice." *Id.* at 332-33 (internal quotation marks and quoted case omitted) (internal brackets omitted). If not, if a specific course of conduct was prescribed, the exception does not apply. *Id.* at 333. Second, if a specific course of conduct was not prescribed, the court must determine "whether the challenged action or inaction is of the kind that the discretionary function exception was designed to shield." *Id.* (internal quotation marks and quoted case omitted). The second step is intended to protect governmental conduct "based on considerations of public policy." *Id.* (quoted case omitted).

In moving to dismiss, the United States argues that the discretionary function exception bars the action. It cites a number of cases that have held that the exception applies to FTCA claims by prisoners against the United States for injuries inflicted by other inmates. We agree.

In deciding that the discretionary function exception bars Plaintiff's claim, we follow the Third Circuit's decision in *Rinaldi v. United States*, 460 F. App'x 80 (3d Cir. 2012) (nonprecedential). In *Rinaldi*, a federal prisoner made an FTCA claim after he was assaulted by his cell mate. The prisoner alleged that the prison staff knew his cell mate

-3-

was violent and unstable and had a history of assaulting cell mates. *Id.* at 81. He averred that staff was thus negligent in not separating him from the cell mate. *Id.*

The Third Circuit decided that the discretionary function exception barred the claim. Following the analysis described above, the court identified at the threshold the conduct at issue as the failure to protect the plaintiff. It then moved to the first step of the analysis and concluded that the conduct contained an element of judgment or choice. In support, it noted that the statute governing the conduct, 18 U.S.C. § 4042(a)(2) and (3), "which requires the Bureau of Prisons [BOP] to provide for the 'protection' and 'safekeeping' of inmates in its care," confers broad discretion on the BOP in carrying out that duty. *Id.* at 81. Further, "there is no federal statute, regulation or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates." *Id.*

On the second step, the court concluded that the conduct was of a type that the exception was intended to protect, "a judgment as to how best to protect one prisoner from attack by another." *Id.* at 82. In part, the court cited *Bell v. Wolfish*, 441 U.S. 520, 547-48, 99 S.Ct. 1861, 1878-79, 60 L.Ed.2d 447 (1979), and its holding that "prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security." *Rinaldi*, 460 F. App'x at 82. Since both steps of the analysis were satisfied, the discretionary function exception barred the claim.

Applying *Rinaldi* here means that Plaintiff's claim is likewise barred. At the threshold, the conduct at issue is the failure to protect Plaintiff from assault by another inmate. At the first step, given the discretion conferred by section 4042(a)(2) and (3), the conduct involved an element of choice. *Compare Gray v. United States*, ___ F. App'x ___, ___, 2012 WL 2384251, at *3 (3d Cir. 2012) (nonprecedential) (first step not satisfied when prison procedures mandated that guards retrieve razors from SMU inmates after showers and inmate alleged he was injured by a razor attack by another inmate negligently allowed to keep his razor). At the second step, the conduct is of a type that the exception was intended to protect, a judgment as to how best to protect one prisoner from attack by another.

In opposition, Plaintiff emphasizes his allegations that "when an inmate is brought into a cell occupied by another inmate," prison personnel have both inmates in handcuffs and take the handcuffs off one inmate first and then the other, many times resulting in inmates being hurt, (Compl. ¶ 7), obviously by the inmate released first. This type of policy decision dealing with institutional safety and security is also intended to be covered by the discretionary function exception.

We thus conclude that the discretionary function exception bars Plaintiff's FTCA claim. *See also Donaldson v. United States*, 281 F. App'x 75, 78 (3d Cir. 2008) (nonprecedential) (discretionary function exception barred FTCA claim based on assault by another inmate); *Thrower v. United States*, No. 11-CV-1663, 2012 WL 3679702, at *10 (M.D. Pa. Aug. 24, 2012) (following *Rinaldi*, inmate's FTCA negligent-failure-to-

protect claim from assault by another inmate barred by discretionary function exception); *see also Redmond v. United States*, No. 04-231, 2006 WL 709347, at *4 (M.D. Pa. Mar. 20, 2006); *Graham v. United States*, No. 97-1590, 2002 WL 188573, at *4 (E.D. Pa. Feb. 5, 2002).

If the discretionary function exception applies, it divests the court of subject-matter jurisdiction. *S.R.P.*, *supra*, 676 F.3d at 330, 332, 333 n.2. We will therefore dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1).

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: September 18, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

QUARTUS LAMAR PRATT,        :
    Plaintiff                :
                             :
  v.                         :  CIVIL NO. 1:11-CV-1337
                             :
UNITED STATES OF AMERICA,    :
    Defendant                :

*O R D E R*

AND NOW, this 18th day of September, 2012, it is ORDERED that:

1. Defendant's motion (Doc. 15) to dismiss is GRANTED, and this action is hereby dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

2. The Clerk of Court shall close this file.

                           /s/ William W. Caldwell
                           William W. Caldwell
                           United States District Judge